IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WILLAMETTE BIOMASS PROCESSORS, INC.**, an Oregon Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**PERDUE AGRIBUSINESS LLC**, a Maryland limited liability company,<br><br>    Defendant. | Case No. 3:19-cv-01677-HL<br><br>OPINION & ORDER |

**MOSMAN, J.,**

On April 25, 2022, Magistrate Judge Andrew Hallman issued his Findings and Recommendation ("F&R") [ECF 69], recommending that I grant Defendant Perdue Agribusiness LLC's ("Perdue") Motion for Summary Judgment. Plaintiff Willamette Biomass Processors ("WBP') filed a timely response to those objections [ECF 75]. Upon review, I agree with Judge Hallman.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

1 – OPINION & ORDER

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

In its objection to the F&R WBP raised a part-performance argument to satisfy the statute of frauds. Obj. to F&R [ECF 75] at 16–18. Perdue had preempted this argument in its Motion for Summary Judgment. Mot. for Summ. J. [ECF 38] at 15–16. WBP declined to discuss this issue in its response, instead raising it for the first time now in its objection. As WBP did not raise this argument before Judge Hallman, I decline to consider it here. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (recognizing that a district court is not required to consider claims raised for the first time as objections to a magistrate judge's findings and recommendation).

WBP also objects to being classified as a sophisticated business entity. Obj. to F&R [ECF 75] at 21–23. But Judge Hallman's analysis does not rest on the kind of "bright-line rule" that WBP cautions against. *Id.* at 22. Instead, Judge Hallman found that WBP had failed to present evidence that its reliance on the terms discussed in the April teleconference was reasonably foreseeable by Perdue. F&R [ECF 69] at 24–25.

//

//

//

//

//

## CONCLUSION

Upon review, I agree with Judge Hallman's recommendation, and I ADOPT the F&R [ECF 69] as my own opinion. Accordingly, I GRANT Defendant's Motion for Summary Judgment and dismiss this case with prejudice.

IT IS SO ORDERED.

DATED this 26 day of July, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION & ORDER